UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DOCTORS HOSPITAL OF MANTECA, INC.,

        Plaintiff,

    v.

UNITED AGRICULTURAL BENEFIT TRUST, dba UNITED AGRICULTURE EMP; and DOES 1 through 100, inclusive,

        Defendants.

NO. CIV. S-06-1936 WBS DAD

ORDER RE: MOTIONS TO DISMISS AND REMAND

----oo0oo----

        Currently before the court are defendant United Agricultural Benefit Trust's motion to dismiss the complaint for failure to state a claim on which relief can be granted, and plaintiff's motion to remand this action to the state court for lack of federal jurisdiction.

I. <u>Factual and Procedural Background</u>

        Plaintiff Doctors Hospital of Manteca ("the Hospital") is a licensed, acute care hospital and a California corporation principally doing business in San Joaquin County. (Compl. ¶ 1.)

1

1  On January 1, 2001, the Hospital entered into an agreement with
2  CCN Managed Care, a company that contracts with providers like
3  the Hospital on behalf of health insurance plans and plan
4  administrators.  (Id. ¶ 3.)  Defendant United Agricultural
5  Benefit Trust ("UABT") is identified within the agreement between
6  CCN and the Hospital as a "payor" for services contractually
7  provided by the Hospital.  (Id. ¶ 4.)  Pursuant to this
8  agreement, the Hospital commits to providing its services at
9  discounted rates to beneficiaries of health plans, including
10 UABT.  (Id. ¶ 4.)  In turn, the agreement sets out how health
11 plans such as UABT will pay the Hospital for treatment provided
12 to UABT's beneficiaries.  (Id.)

13         On February 10, 2003, a patient insured by defendant
14 was admitted to the Hospital for treatment.  (Id. ¶ 5.)  The
15 services provided by Hospital to the patient were medically
16 necessary and ordered by a physician.  (Id.)  Under the terms of
17 the agreement, once a claim has been submitted to defendant, it
18 must make a payment on that claim within thirty days.  (Id. ¶
19 10.)  The Hospital submitted a claim and the necessary
20 documentation to defendant.  (Id. ¶¶ 11, 14.)  Although defendant
21 paid the Hospital for part of the cost of the services, it did
22 not pay the full amount of the charges.  (Id. ¶ 7.)

23         On August 25, 2006, plaintiff filed suit against
24 defendant, alleging a single claim for breach of contract.
25 (Compl.)  Defendant removed the case on August 28, 2006,
26 contending that this court has federal question jurisdiction
27 because the claim arises under the Employment Retirement Income
28 Security Act ("ERISA"), 29 U.S.C. § 1001, et seq.  Defendant now

1 argues that this claim should be dismissed because it is
2 preempted by ERISA, and the time to file an administrative appeal
3 under ERISA has passed.  Alternatively, defendant contends that
4 because plaintiff is not a party to the contract, it lacks
5 standing to allege breach of contract.  To address these
6 arguments, the court must consider whether ERISA applies here,
7 despite the fact that the Hospital alleges a single, state law
8 claim for breach of contract in its complaint.

## Motion to Dismiss

At the pleading stage, the plaintiff need only set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993).  A complaint should "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957).  Consequently, on a motion to dismiss, the court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of the pleader.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Cruz v. Beto, 405 U.S. 319, 322 (1972).[1]

---

[1] Defendant has filed a request for the court to take judicial notice of three documents: (1) the declaration of Claire M. Einsmann, (2) an agreement between the employer of the plan beneficiary and defendant, and (3) the ERISA plan description, and correspondence between the parties in this case.  On a motion to dismiss, the court may take judicial notice of matters of public record or of documents whose contents are alleged in the complaint and whose authenticity is not questioned.  Lee v. City of L.A., 250 F.3d 668, 688-89 (9th Cir. 2001).  None of these items are matters of public record.  Additionally, because the ERISA plan is not the basis for plaintiff's claim for breach of

3

1    In determining whether a complaint states a claim under
2 federal law, courts apply the "well-pleaded complaint rule."
3 <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992) (citing
4 <u>Metro. Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 63 (1987)).  When
5 the claims in "the plaintiffs' well-pleaded complaint raise[]
6 issues of federal law," the claims arise under federal law.
7 <u>Metro. Life Ins. Co.</u>, 481 U.S. at 63.  For federal jurisdiction
8 to be appropriate, the federal claim must appear on the face of
9 the complaint.  <u>Franchise Tax Bd. v. Constr. Laborers Vacation</u>
10 <u>Trust</u>, 463 U.S. 1, 9-10 (1983).  Moreover, the federal cause of
11 action plead must be "unaided by the answer or by the petition
12 for removal."  <u>Gully v. First Nat. Bank in Meridian</u>, 299 U.S.
13 109, 113 (1936).  Because federal preemption is typically a
14 <u>defense</u> to a cause of action that is not raised in the complaint,
15 "it is well-established that the defense of preemption ordinarily
16 is insufficient justification to permit removal to federal
17 court," or the exercise of federal jurisdiction.  <u>Dukes v. U.S.</u>
18 <u>Healthcare, Inc.</u>, 57 F.3d 350, 353-54 (3rd Cir. 1995) (citing
19 <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 398 (1987)).
20 However, "Congress may so completely pre-empt a particular area
21 that any civil complaint raising this select group of claims is
22 necessarily federal in character."  <u>Metro. Life</u>, 481 U.S. at 63-
23 64.
24    Defendant argues that the complaint should be dismissed
25 for failure to exhaust administrative remedies under ERISA,
26 assuming that ERISA completely preempts plaintiff's state claim

---

28 contract, it need not be considered.  Therefore, the court denies the request for judicial notice.

4

for breach of contract.  However, two conditions must be met for complete preemption under ERISA.  If a "state law claim 'relates to' an ERISA plan within the meaning of § 1144(a) and falls within the scope of ERISA's civil enforcement provision found in § 1132(a)--the state claims are completely preempted by ERISA and converted to federal questions, at least for the purposes of removal jurisdiction."  Toumajian v. Frailey, 135 F.3d 648, 654 (9th Cir. 1998) (citing Metro. Life, 481 U.S. at 66; Buster v. Greisen, 104 F.3d 1186, 1188 (9th Cir. 1997); Rice v. Panchal, 65 F.3d 637, 639 (7th Cir. 1995); Dukes, 57 F.3d at 354)) (emphasis added).  Importantly, "[i]f both conditions are not met, however, the federal court does not have subject matter jurisdiction . . . .  Only if the complaint asserts a state law claim that can be reasonably characterized as a claim under any of ERISA's civil enforcement provisions can the action be properly removed."  Id. (citing Metro. Life, 481 U.S. at 66).

Thus, if the Hospital's claim should have been brought under the civil enforcement provision of ERISA, § 502(a), the claim would be completely preempted such that this court would have jurisdiction over the case, and the exhaustion requirements of ERISA would apply.  See 29 U.S.C. § 1132; see also Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 398 n.4 (3d Cir. 2004).  Claims that fall within the scope of ERISA's civil enforcement provision, § 502(a)(1)(B), are claims brought by plan participants seeking to "recover benefits due . . . under the terms of [the] plan, to enforce . . . rights under the terms of the plan, or to clarify . . . rights to future benefits under the terms of the plan."  29 U.S.C. §

5

1132(a)(1)(B).  The United States Supreme Court has clarified the application of this provision of ERISA as follows:

> It follows that if an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls within the scope of ERISA § 502(a)(1)(B).  In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).

Aetna Health Inc. v. Davila, 542 U.S. 200, 210 (2004); see also Burbank Podiatry Assocs. Group, APC v. U.S. Dist. Court for the N. Dist. of Cal., No. 98-2326, 1999 U.S. Dist. LEXIS 1397, at *22 (N.D. Cal. Feb. 2, 1999) ("Complete preemption, and thus federal jurisdiction, requires that the plaintiff bringing the claim must participate in [an ERISA-regulated] relationship[] by being a plan participant, beneficiary, or fiduciary entitled to seek recovery under 29 U.S.C. § 1132(a)." (emphasis added)) (citing Geweke Ford v. St. Joseph's Omni Pref. Care, Inc., 130 F.3d 1355, 1358 (9th Cir. 1997); Harris v. Provident Life & Accident Ins., Co., 26 F.3d 930, 934 (9th Cir. 1994)).

The Hospital's claim does not seek to enforce benefits or to enforce or clarify rights under the ERISA plan, and is therefore not subject to complete preemption.  The Hospital alleges that its contract with CCN Managed Care names UABT as a payor and includes terms that govern how UABT should reimburse the Hospital for the treatment provided.  This agreement between a health care provider and an insurance company is separate and

6

distinct from the ERISA plan. It is not a claim by an individual plan beneficiary seeking to recover benefits under the terms of the ERISA plan.[2] Although defendant contends that there has been an assignment of rights from the plan beneficiary to the Hospital such that this claim is based on the plan beneficiary's interest in recovering benefits under the ERISA plan, there are no allegations in the complaint that would support such a claim.

Additionally, on a motion to dismiss, the court must take the allegations in the complaint as true, Scheuer, 416 U.S. at 236, and therefore can give no credence to defendant's assertion that an assignment of rights may have occurred. The allegations in the complaint clearly indicate that plaintiff is bringing suit for breach of a contract that was distinct from the ERISA plan.

Defendant further contends that the Hospital does not have standing to bring this suit because the contract it relies upon is between the Hospital and CCN Managed Care, and not between the parties to this suit. The fact that the agreement is directly between the Hospital and CCN Managed Care does not necessarily preclude enforcement of the agreement against defendant. Defendant is expressly mentioned in the agreement as a payor. More significantly, however, whether or not the

---

[2] Defendant argues that the fact that the contract at issue incorporates the ERISA plan by reference necessarily means that this claim is "derived directly from UABT's ERISA plan" and is therefore preempted. However, "the bare fact that [an ERISA] Plan may be consulted in the course of litigating a state-law claim does not require that the claim be extinguished by ERISA's enforcement provision." Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Group, Inc., 187 F.3d 1045, 1051 (9th Cir. 1999).

7

1  Hospital has standing to bring suit regarding a purely state law
2  claim is not something this court would have jurisdiction to
3  consider.  Defendant's reasoning ignores the fundamental and
4  threshold fact that jurisdiction flows from the <u>claims in the</u>
5  <u>complaint</u>.  <u>See</u> <u>generally</u> <u>Merrill Dow</u>, 478 U.S. 804; <u>Franchise</u>
6  <u>Tax Bd.</u>, 463 U.S. 1.  The fact that plaintiff may not be a party
7  to the contract affects only whether suit in state court is
8  appropriate--it does not generate jurisdiction in federal court.

<u>Motion to Remand</u>

10         Remand of a case to state court after removal is
11 appropriate when there are no grounds for federal jurisdiction or
12 removal was procedurally improper.  28 U.S.C. § 1447(c).  Any
13 questions regarding the propriety of removal are resolved in
14 favor of the party moving for remand.  <u>Matheson v. Progressive</u>
15 <u>Specialty Ins. Co.</u>, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where
16 doubt regarding the right to removal exists, a case should be
17 remanded to state court.").  Additionally, "[t]he burden of
18 establishing federal jurisdiction is placed on the party seeking
19 removal . . . ."  <u>Salveson v. W. States Bankcard Ass'n</u>, 731 F.2d
20 1423, 1426 (9th Cir. 1984) (citations omitted).

21         It follows from the discussion above that this court
22 lacks jurisdiction over the claims in plaintiff's complaint.
23 Plaintiff's state law claim is not subject to complete preemption
24 because the complaint does not seek to enforce benefits or to
25 enforce or clarify rights under the ERISA plan.  Further, the
26 fact that the contract incorporates the ERISA plan by reference
27 does not require that the plaintiff's state law claim be
28 extinguished and replaced by ERISA.  <u>Blue Cross of Cal.</u>, <u>supra</u>.

1
2        IT IS THEREFORE ORDERED that defendant United
3   Agricultural Benefit Trust's motion to dismiss be, and the same
4   hereby is, DENIED;
5        AND IT IS FURTHER ORDERED that this action be, and the
6   same hereby is, REMANDED to the Superior Court of the State of
7   California, in and for the County of San Joaquin, Manteca Branch.
8   DATED:   October 30, 2006

                        _____
                        WILLIAM B. SHUBB
                        UNITED STATES DISTRICT JUDGE